# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | AMY J. ST. EVE | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3474 | **DATE** | 5/18/2011 |
| **CASE TITLE** | Lorenzo David Richardson (#2009-0031924) vs. Unknown | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $17.33 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. However, summonses shall not issue at this time. The Court dismisses the complaint on file without prejudice. Plaintiff is granted until 6/17/11 in which to submit an amended complaint (plus a judge's copy and service copy) naming a supervisory official in a position to identify the John Doe officer in question. Failure to submit an amended complaint by 6/17/11 will result in summary dismissal of this case. The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

■ [**For further details see text below.**]          **Docketing to mail notices.**

## STATEMENT

Plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendant, an unnamed Harvey police officer, violated Plaintiff's constitutional rights by stopping him for no reason, using unjustified force against him, and falsely arresting him.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $17.33. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is authorized and ordered to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify **(CONTINUED)**

mjm

Plaintiff's name and this case number. The inmate trust account office shall notify transferee authorities of any outstanding balance in the event of Plaintiff's transfer to another correctional facility.

However, Plaintiff must submit an amended complaint, as he has not named a proper Defendant. The sole Defendant is identified only as "Name Unknown, Police Officer, Harvey Police Dept." Plaintiff cannot obtain damages from the Defendant unless he serves him (or obtains a waiver of service) in accordance with Fed. R. Civ. P. 4, which he cannot do without knowing the officer's name or badge number. To allow Plaintiff leave to proceed on the complaint as it now stands would therefore get him nowhere.

In this circuit, the courts recognize a useful fiction to permit *pro se* litigants an opportunity to discover the identities of those who were personally involved in the alleged actions underlying their complaint. When a plaintiff does not know the name of the person who actually injured him, the law permits the Court, at the pleading stage, to make an inference of responsibility on the part of the Defendant's immediate supervisor. *See Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *see also Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995); *Donald v. Cook County Sheriff's Dep*t., 95 F.3d 548, 556 (7th Cir. 1996). Consequently, if Plaintiff wishes to pursue his claims, he should amend the complaint to add as Defendant a supervisory official or administrator who is in a position to identify the John Doe Defendant, such as the Chief of the Harvey Police Department. Once Plaintiff has obtained service on the supervisor, and an attorney has entered an appearance on the supervisor's behalf, Plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the Defendant who allegedly violated Plaintiff's constitutional rights. *See* Fed. R. Civ. P. 33. After Plaintiff learns the Defendant's identity, he may again ask leave to amend the complaint to substitute his name for "Unknown." Summons will then issue for service on the Defendant in interest and the supervisory Defendant will be dismissed. Plaintiff is advised that there is a two-year statute of limitations for civil rights actions; he should therefore attempt to identify the officer in question as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).

For the foregoing reasons, Plaintiff's motion for leave to proceed *in forma pauperis* is granted but the complaint on file is dismissed. Plaintiff is granted until 6/17/11 in which to submit an amended complaint adding as a Defendant a supervisory official whom Plaintiff can serve and who can assist him in identifying the John Doe officer by name. Plaintiff must complete the amended complaint on the forms required by Local Rule 81.1 (N.D. Ill.) and provide the Clerk with the original and two copies. The Clerk will provide Plaintiff an amended civil rights complaint form and instructions along with a copy of this order. Failure to comply by 6/17/11 will result in summary dismissal of this case.