# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | AMY J. ST. EVE | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3474 | **DATE** | 5/23/2011 |
| **CASE TITLE** | Lorenzo David Richardson (#2009-0031924) vs. "Unknown" | | |

**DOCKET ENTRY TEXT:**

The Court's 5/18/11 order is hereby vacated. Plaintiff is ordered to show good cause in writing why this case should not be dismissed as effectively time-barred. Failure to show cause by June 8, 2011, will result in summary dismissal of this action. The status hearing previously scheduled for May 25, 2011, at 8:30 a.m. is vacated.

■ [**For further details see text below.**]   **Docketing to mail notices.**

## STATEMENT

Plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that an unnamed Harvey police officer violated Plaintiff's constitutional rights by stopping him for no reason, using unjustified force against him, and falsely arresting him. On the Court's own motion, Plaintiff is ordered to show good cause in writing why this case should not be dismissed as effectively time-barred.

At the time Plaintiff initiated suit, he was unable to identify the officer who allegedly engaged in misconduct. Accordingly, by Minute Orders of July 6, 2010, and September 15, 2010, the Court allowed Plaintiff to proceed against supervisory officials in a position to identify the officer in question. When a plaintiff does not know the names of the persons who actually injured him, the law permits the Court, at the pleading stage, to make an inference of responsibility on the part of the defendants' immediate supervisor. *See Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *see also Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995); *Donald v. Cook County Sheriff's Dep*t., 95 F.3d 548, 556 (7th Cir. 1996). However, the Court specifically advised Plaintiff that he had to name the arresting officer before the statute of limitations expired. *See* Minute Order of June 8, 2010, at p. 2.

The only named Defendant, acting Harvey Police Chief Denard Eaves, is a party to this case solely to help identify the arresting police officer; Eaves cannot himself be held liable under the facts alleged. Section 1983 **(CONTINUED)**

mjm

| STATEMENT  (continued) |
|---|

creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted); *see also Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1948 (2009) ("[P]laintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").  The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983.  *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008).

As Plaintiff was previously advised, the statute of limitations for Section 1983 actions in Illinois is two years.  *See, e.g., Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008); 735 ILCS § 5/13-202.  Illinois law does not toll the statute of limitations for prisoners.  *Schweihs Burdick*, 96 F.3d 917, 919 (7th Cir. 1996); *Turner-El v. Davis*, No. 10 C 5188, 2010 WL 3526379, *1, n.1 (N.D. Ill. Aug. 30, 2010) (Norgle, J.).  In this circuit, a plaintiff cannot invoke the relation back principles of Rule 15(c) to replace John Doe defendants with named defendants after the statute of limitations has expired.  *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980).

The incident giving rise to this lawsuit took place on May 14, 2009.  Because Plaintiff failed to file an amended complaint naming the Harvey police officer who allegedly injured him within two years of the date of accrual of his cause of action, his claims of illegal detention, excessive force, and false arrest would now, as a practical matter, seem to be time-barred.

For the foregoing reasons, Plaintiff is ordered to show good cause in writing why this case should not be dismissed as effectively time-barred.  Failure to show cause by June 8, 2011, will result in summary dismissal of this case.  No strike will be assessed; the suit is now barred as a practical matter, and not pursuant to any of the reasons set forth in 28 U.S.C. § 1915(e)(2)(B).